UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY L. WHEELOCK, | ) | Case No. 07-CV-2177-JM (JMA) |
| Plaintiff, | )<br>)<br>) | **ORDER GRANTING JOINT MOTION TO RE-SET THE PRE-TRIAL SCHEDULE [Doc. 17];** |
| v. | ) | |
| UNITED STATES OF AMERICA, et al., | )<br>) | **AMENDED CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |
| Defendants. | )<br>) | |
| | ) | (Fed. R. Civ. P. 16)<br>(Local Rule 16.1)<br>(Fed. R. Civ. P. 26) |

On August 26, 2008, the parties filed a joint motion to re-set the pre-trial schedule [Doc. 17]. Upon good cause appearing, the Court **GRANTS** the joint motion, and issues an amended scheduling order as set forth below.

**IT IS HEREBY ORDERED:**

1. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **October 3, 2008**. Defendant(s) (or the party(ies) defending any claim,

counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **October 3, 2008**.  On or before **October 24, 2008**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

2.    A telephonic Case Management Conference shall be held before Magistrate Judge Adler on **November 3, 2008** at **9:30 a.m.**  Counsel for each party shall appear telephonically at this conference.  The Court will initiate the conference call.

3.    Plaintiff shall serve all expert disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **January 16, 2009**.  Defendant shall serve all expert disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **February 13, 2009**.  Any

07cv2177

contradictory or rebuttal information shall be disclosed on or before **March 13, 2009.** In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All discovery shall be completed by all parties on or before **May 8, 2009**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. **<u>All disputes concerning discovery shall be brought to the attention of Magistrate Judge Adler no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred. For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the response. Counsel are</u>**

07cv2177

1 **required to meet and confer prior to contacting the Court**

2 **regarding all discovery disputes pursuant to the requirements of**

3 **Local Rules 16.5(k) and 26.1(a).**

4     5.    All motions, other than motions to amend or join

5 parties, or motions in limine, shall be <u>filed</u> on or before **May**

6 **26, 2009.**[1]  Motions will not be heard or calendared unless

7 counsel for the moving party has obtained a motion hearing date

8 from the law clerk of the judge who will hear the motion.  **Be**

9 **advised that the period of time between the date you request a**

10 **motion date and the hearing date may be up to sixty (60) days.**

11 **Please plan accordingly.**  Failure of counsel to timely request a

12 motion date may result in the motion not being heard.

13     Briefs or memoranda in support of or in opposition to any

14 pending motion shall not exceed twenty-five (25) pages in length

15 without leave of the judge who will hear the motion.  No reply

16 memorandum shall exceed ten (10) pages without such leave of

17 court.

18     6.    A Mandatory Settlement Conference shall be conducted on

19 **August 18, 2009** at **10:00 a.m.** in the chambers of Magistrate Judge

20 Adler.  Counsel shall submit settlement statements **directly** to

21 Magistrate Judge Adler's chambers no later than **August 11, 2009.**[2]

22 The parties may either submit confidential settlement statements

23 or may exchange their settlement statements.  Each party's

24 settlement statement shall set forth the party's statement of the

25

26     [1]Counsel should note that while historically motion cutoff
deadlines issued by this Court were deadlines for motion hearings, the

27 motion cutoff dates now being issued establish deadlines for the
parties to <u>file</u> motions.

28     [2]Statements may be delivered directly to chambers, e-mailed to
<u>efile_adler@casd.uscourts.gov</u>, or faxed to (619) 702-9939.

07cv2177

case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference. The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the**

5

07cv2177

**Mandatory Settlement Conference as required will result in the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

7.    The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **September 4, 2009**.

8.    No Memoranda of Contentions of Fact and Law are to be filed unless so ordered by the Court.

9.    Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before **September 11, 2009**.

10.    The Proposed Final Pretrial Conference Order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and lodged with the Clerk's Office on or before **September 18, 2009** and shall be in the form prescribed in Local Rule 16.1(f)(6). Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

11.    The final Pretrial Conference is scheduled on the calendar of the Honorable Jeffrey T. Miller on **September 25, 2009** at **8:30 a.m.** The trial is scheduled to commence on **October 26, 2009** at **10:00 a.m.**

12.    The dates and times set forth herein will not be modified except for good cause shown.

13. Plaintiff's(s') counsel shall serve a copy of this order

07cv2177

on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED:   September 2, 2008

Jan M. Adler
U.S. Magistrate Judge

07cv2177